IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| PULIN SHAH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | |
| STATE STREET GLOBAL ADVISORS ) | |
| d/b/a SSGA PRO, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Pulin Shah hereby files this complaint against State Street Global Advisors d/b/a SSGA Pro ("SSGA"), as follows.

## NATURE OF THE ACTION

1. This is an action for conversion and unjust enrichment relating to funds deposited by Shah to SSGA for the purchase of crypto currency, which SSGA refuses to return to Shah.

## PARTIES

2. Pulin Shah is an individual resident and citizen of the State of North Carolina, specifically in Union, North Carolina. Shah resides at 1867 Carrollton Drive, Indian Trail, Union County, North Carolina 28079. Shah exclusively resides in North Carolina, is registered to vote in North Carolina, registers his vehicles in Georgia and pays income taxes in Georgia. Shah is subject to the

jurisdiction of this Court as a citizen of North Carolina and may be served by serving the undersigned.

3. State Street Global Advisors d/b/a SSGA Pro is a foreign for profit corporation, incorporated under the laws of the State of Massachusetts, with its principal office located at 1 Iron Street, Boston, Suffolk County, Massachusetts 02210. SSGA may be served at its principal office.

## JURISDICTION AND VENUE

4. Jurisdiction in this action is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) as this is a diversity jurisdiction action and all of the plaintiffs are citizens of different States from all of the defendants, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5. Venue in this action is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because all, or substantially all, of the acts or omissions giving rise to the claims asserted herein occurred in this District and Division.

6. SSGA regularly conducts business in the State of North Carolina.

## FACTUAL BACKGROUND

7. On August 28, 2024, Shah began a series of crypto trades on SSGA's platform, transmitting crypto and cash to SSGA's platform on the Hibt App, into a digital wallet belonging to Shah.

8. The trades were as follows:

| | |
|---|---|
| 08/28/2024 | 1.53989 ETH |
| 09/23/2024 | $4,882.00 USD |
| 10/02/2024 | 4.03603 ETH |
| 10/17/2024 | $100.00 |
| 10/29/2024 | $11,688.52 |
| 10/30/2024 | $14,576.99 USD |
| 10/31/2024 | $17,510.60 USD |
| 11/01/2024 | $4,885.86 USD |
| 11/04/2024 | $28,193.74 USD |
| 11/14/2024 | $24,275.55 USD |
| 11/22/2024 | 0.2109701 BTC |
| 11/28/2024 | 0.3329 ETH |
| 12/03/2024 | $24,273.37 USD |
| 12/26/2024 | 0.4305 ETH |
| 01/02/2025 | 0.4475 ETH |
| 01/10/2025 | 1.3814 ETH |
| 01/11/2025 | $150,000.00 USD |
| 03/17/2025 | $11,100.49 USD |
| 03/17/2025 | $1,000.00 USD |
| 03/20/2025 | $293,169.00 USD |

9. The value of the assets in the digital wallet fluctuates constantly, due to the volatility of the Ethereum and Bitcoin shares, but ultimately, the total asset value climbed above $650,000.00.[1]

10. Following these deposits, Shah observed some gains and attempted to withdraw portions of his assets from SSGA.

11. SSGA blocked his attempts citing volatility in his account.

12. Shah has made repeated demands for the return of his assets and their transfer to other platforms, including Coinbase, but SSGA has refused.

13. Shah now sues for damages.

## COUNT II
### Unjust Enrichment

14. Shah restates paragraphs 1-13 and incorporates said paragraphs herein by reference.

15. On August 28, 2024, Shah began a series of crypto trades on SSGA's platform, transmitting crypto and cash to SSGA's platform on the Hibt App, into a digital wallet belonging to Shah.

16. Ultimately, the value of Shah's digital wallet with SSGA grew to more than $650,000.00.

---

[1] Shah is aware that crypto currency fraud is rampant, and he is aware that there is a possibility that his funds are lost to a fraudulent scheme masquerading as a real company, SSGA, but does not know that to be the case.

17. Following these deposits, Shah observed some gains and attempted to withdraw portions of his assets from SSGA.

18. SSGA blocked his attempts citing volatility in his account.

19. SSGA did nothing to earn the roughly $650,000.00 that Shah paid to SSGA.

20. It would be inequitable to allow SSGA to retain the roughly $650,000.00.

21. SSGA is liable to Shah for unjust enrichment in at least the amount of $650,000.00.

## COUNT II
### Conversion

22. Shah restates paragraphs 1-21 and incorporates said paragraphs herein by reference.

23. On August 28, 2024, Shah began a series of crypto trades on SSGA's platform, transmitting crypto and cash to SSGA's platform on the Hibt App, into a digital wallet belonging to Shah.

24. Ultimately, the value of Shah's digital wallet with SSGA grew to more than $650,000.00.

25. Following these deposits, Shah observed some gains and attempted to withdraw portions of his assets from SSGA.

26. SSGA blocked his attempts citing volatility in his account.

5

27. SSGA refused to return the roughly $650,000.00 to Shah.

28. SSGA refused to return the roughly $650,000.00 to Shah.

29. SSGA is liable to Shah for conversion in at least the amount of $650,000.00.

## COUNT III
### Attorneys' Fees

30. Shah restates paragraphs 1-29 and incorporates said paragraphs herein by reference.

31. Shah attempted to resolve this matter amicably.

32. SSGA has repeatedly rebuffed Shah's ovations.

33. SSGA refused to resolve this matter reasonably.

34. SSGA has been stubbornly litigious.

35. Shah is entitled to attorneys' fees and costs for having to bring and maintain this action.

## PRAYER FOR RELIEF

WHEREFORE, Shah prays for judgment as requested above against SSGA Tax Group, Inc. and further request:

    a. An award of damages as stated per this Complaint;

    b. Incidental and consequential damages;

    c. An award of attorneys' fees and costs in bringing and maintaining this action; and

d. Any other relief as this Court may deem just and reasonable.

## DEMAND FOR JURY TRIAL

Shah requests a trial by jury on all issues so triable.

Respectfully submitted, this 17th day of June, 2025.

/s/ Rayna B. Toomajian
Rayna B. Toomajian
North Carolina Bar No. 63438
rtoomajian@fgplaw.com

555 Sun Valley Drive
Suite N-3
Roswell, Georgia 30076
678.677.5143 (voice)
678.222.0123 (facsimile)


FGP LAW, LLC

/s/ Frank G. Podesta
Frank G. Podesta
Georgia Bar No. 496530
fpodesta@fgplaw.com
*Pro Hac Vice Application Pending*