IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00418-KDB-SCR

| | |
|---|---|
| PULIN SHAH,<br><br>Plaintiff,<br><br>v.<br><br>STATE STREET GLOBAL ADVISORS,<br><br>Defendant. | <u>**MEMORANDUM AND ORDER**</u> |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's Motion for Default Judgment (Doc. No. 6) ("Motion"). After having carefully considered this Motion, Plaintiff's supporting documentation and the full record, the Court will grant the motion.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) "authorizes the entry of a default judgment when a Defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). When a defendant defaults, he admits the complaint's well-pleaded allegations of facts. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). That said, "[t]he defendant is not held ... to admit conclusions of law," as "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). To determine whether to enter judgment on a defendant's default, the court examines whether the well-pleaded allegations in the complaint support the relief sought in

1

the case. *Id*. "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu*, 515 F.2d at 1206.

If the court determines that liability has been established, the court must then determine damages. *J & J Sports Prods., Inc. v. Romenski*, 845 F. Supp. 2d 703, 706 (W.D.N.C. 2012). Unlike allegations involving liability, allegations about damages are not treated as admitted by a defendant's default. "The court must make an independent determination regarding damages." *Id.* In determining damages, the court may conduct an evidentiary hearing or rely on affidavits or documentary evidence in the record. *Id*.

## II.     BACKGROUND AND DISCUSSION

In this action, Plaintiff Pulin Shah alleges that Defendant State Street Global Advisors ("SSGA") is liable to him for conversion and unjust enrichment related to funds deposited by Shah with SGGA for the purchase of crypto-currency. Specifically, Shah's Complaint states that Shah provided SSGA more than $650,000 in cash and crypto currency to SSGA's platform on the Hibt App, but when Shah contacted SSGA to withdraw some of the funds, SSGA wrongfully refused to return any portion. Doc. No. 1, ¶¶ 7-11.

Shah filed his Complaint on June 18, 2025, which was served on SSGA through CT Corporation, its authorized agent for Service of Process on August 15, 2025. See Doc. Nos. 4-5. A responsive pleading was due no later than Friday, September 5, 2025, but none has ever been filed. On December 12, 2025, Plaintiff filed a motion for Entry of Default and for Default Judgment. Doc. No. 6. On December 15, 2025, the Clerk entered Default against SGGA. Doc. No. 7.

2

Case 3:25-cv-00418-KDB-SCR     Document 8     Filed 01/12/26     Page 2 of 5

The Court finds there is a sufficient basis in the pleadings for judgment to be entered. Under North Carolina law, a plaintiff may recover for unjust enrichment where a benefit was conferred on the defendant by the plaintiff, the benefit was not conferred officiously or gratuitously and is measurable, and the defendant consciously accepted and retained the benefit. *Booe v. Shadrick*, 322 N.C. 567, 570, 369 S.E.2d 554, 555–56 (1988); *see also Arnesen v. Rivers Edge Golf Club & Plantation, Inc.*, 368 N.C. 440, 781 S.E.2d 1, 6 (2015). Shah conferred a substantial benefit on SSGA by transmitting over $650,000 in cash and cryptocurrency to accounts controlled by SSGA through its trading platform on the Hibt App. *See* Doc. No. 1 ¶¶ 7–9. Second, this benefit was not conferred gratuitously. Shah transmitted the funds as part of an investment with the reasonable expectation that he could access or withdraw his assets. SSGA provided no services or value in return. *Id*. ¶¶ 17–19. Third, SSGA consciously accepted the benefit. It received, retained, and controlled the funds deposited by Shah, refused to return them when requested, and blocked all withdrawal attempts. *Id*. ¶¶ 10–12, 18–20. In light of these facts, it would be inequitable to allow SSGA to retain the benefit of Shah's financial contributions without compensation. Therefore, SSGA is liable for unjust enrichment under North Carolina law.

Plaintiff has also established a claim for conversion. Under North Carolina law, conversion is "an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights." *Bottoms Towing & Recovery v. Circle of Seven*, 386 N.C. 359, 369-70, 905 S.E.2d 14, 17 (N.C. 2024) (quoting *Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC*, 365 N.C. 520, 523 (2012)). To state a claim for conversion, a plaintiff must show: (1) ownership in the plaintiff, and (2) wrongful conversion by the defendant. *Id*. Crypto-currency constitutes property subject to conversion under North Carolina law. *See* 2019 N.C. Formal Ethics Op. 5 (recognizing

3

that virtual currency is property under IRS Notice 2014-21). Thus, each element of conversion is satisfied. Shah owns the cryptocurrency at issue. He transmitted more than $650,000.00 in cryptocurrency to SSGA's platform with the expectation that he could access or withdraw his assets. Doc. No. 1 ¶¶ 23-24. Also, SSGA has wrongfully converted Shah's cryptocurrency. SSGA received the funds, exercised dominion and control over them, refused to return them when Shah demanded their return, and blocked all withdrawal attempts. Doc. No. 1 ¶¶ 25-27. This unauthorized exercise of ownership over Shah's cryptocurrency to the exclusion of Shah's rights constitutes conversion. In light of these facts, now deemed admitted by virtue of SSGA's default, SSGA is liable to Shah for conversion under North Carolina law.

Having established liability, Plaintiff must also prove damages. Plaintiff asserts under oath that the value of money and crypto-currency converted by SGGA is $650,000. *See* Doc. No. 6, Ex. A. The Court finds that this is the proven amount of his loss. Plaintiff further alleges that he is entitled to court costs and attorneys' fees. However, Plaintiff has provided no evidence from which the Court could award any amount for those items. Thus, while the Court will grant Plaintiff's Motion for Default Judgment in the amount of $650,000, as well as post-judgment interest as allowed by federal law; it will deny without prejudice the request for court costs and attorneys' fees.

### III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion for Default Judgment (Doc. No. 6) is **GRANTED in part and DENIED in part** as set forth above**;**

2. Judgment is entered in favor of Plaintiff against Defendant in the amount of $650,000;

3. Plaintiff is awarded post-judgment interest on its judgment pursuant to 28 U.S.C. § 1961; and

4. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: January 9, 2026

Kenneth D. Bell
United States District Judge

5

Case 3:25-cv-00418-KDB-SCR    Document 8    Filed 01/12/26    Page 5 of 5