IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00418-KDB-UMJ

| | |
|---|---|
| PULIN SHAH,<br><br>Plaintiff,<br><br>v.<br><br>STATE STREET GLOBAL ADVISORS,<br><br>Defendant. | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Defendant's Motion for Relief from Default Judgment (Doc. No. 11), which Plaintiff opposes. The Court has carefully reviewed the motion and considered the parties' briefs and exhibits. For the reasons discussed below, the Court will **GRANT** the motion.

## I. PROCEDURAL BACKGROUND

Plaintiff filed his Complaint on June 18, 2025. (Doc. No. 1). Defendant State Street Global Advisors ("State Street") was served on August 15, 2025 (Doc. No. 5). After Defendant failed to answer or otherwise plead, Plaintiff moved for an entry of default and default judgment on December 12, 2021. (Doc. No. 6). The Clerk of Court entered a Default against the State Street under Rule 55(a) on December 15, 2025. (Doc. No. 4). Default Judgment against State Street in the amount of $650,000 was entered on January 12, 2026. (Doc. No. 8). On January 30, 2026, State Street moved to set aside the judgment of default against it pursuant to Federal Rules of Civil Procedure 55(c), 60(b)(1), 60(b)(4) and 60(b)(6). (Doc. No. 11).

1

## II.  ADDITIONAL FACTS

On June 18, 2025, Plaintiff Pulin Shah initiated this action against "State Street Global Advisors d/b/a SSGA Pro," asserting claims for conversion and unjust enrichment. (Doc. No. 1). Shah's claims stem from funds he allegedly deposited with "SSGA" for the purchase of cryptocurrency, which he contends "SSGA" refused to return. (*Id*. ¶ 1). Shah alleges that between August 2024 and March 2025, he conducted a series of cryptocurrency trades on what he claims was "SSGA's platform" on the "Hibt App." (*Id*. ¶¶ 7–8). He claims he transmitted cryptocurrency and cash to "SSGA's platform" and into his own digital wallet. (*Id*.). According to Shah, the value of the assets in the wallet fluctuated, and at one point exceeded $650,000. (*Id*. ¶ 9). After making these deposits (and observing some gains), Shah claims he attempted to withdraw portions of his assets from "SSGA," but that "SSGA" blocked his attempts due to "volatility" in his account. (*Id*. ¶¶ 10–11). Shah alleges that despite his repeated demands for the return or transfer of his assets, "SSGA" has refused. (*Id*. ¶ 12).

Although Plaintiff named "State Street Global Advisors d/b/a/ SSGA Pro" as the defendant, he acknowledged that he might never have interacted with any legitimate State Street entity. In his complaint, Shah noted that he "is aware that crypto currency fraud is rampant" and acknowledged "there is a possibility that his funds are lost to a fraudulent scheme masquerading as a real company, SSGA," even though he "does not know that to be the case." (*Id*. ¶ 9 n.1). As it turns out, the "SSGA Pro" entity Shah interacted with was not Defendant State Street (whose full legal name is State Street Global Advisors Funds Distributors, LLC ("SSGA FD")). Neither SSGA FD nor its affiliates offer cryptocurrency trading services or maintain customer accounts, and SSGA FD has never had any connection to, or communication with Shah (which Shah does not dispute). (*See* Doc. No. 12-1 ¶¶ 4-5,7).

With respect to its connection to North Carolina, SSGA FD is also registered as a broker dealer in North Carolina pursuant to a notice filing with the State. However, SSGA FD is not registered with the North Carolina Secretary of State to do business in the State and does not hold a North Carolina Certificate of Authority. It maintains no offices, employees, property, operations, or customers in North Carolina. It does not solicit, target, market, or distribute products or services to individuals in North Carolina. (*Id.* ¶ 6).

There is no dispute that Shah served SSGA FD's Massachusetts Resident Agent CT Corporation in August 2025. CT Corporation in turn mailed the papers to State Street at its Boston address and they were delivered to the mailroom on August 19, 2025. (*Id.* ¶ 9). However, in August 2025, State Street moved its offices within Boston, completing the move (involving more than 800 employees) in September 2025. (*Id.* ¶ 11). The Summons and Complaint delivered to the mailroom have never been located. (*Id.* ¶ 12). SSGA FD did not learn of this lawsuit until January 14, 2026, following media coverage of the default judgment entered by the Court (the "Default Judgment"). Upon learning of the lawsuit and judgment, SSGA FD retained counsel to seek appropriate relief. (*Id.* ¶ 8).

### III. DISCUSSION

The fundamental justice of why the Court will set aside its Default Judgment is easily explained. Plaintiff, an alleged victim of a cyber fraud scheme in which he lost hundreds of thousands of dollars, sued the wrong defendant (a company which appears to have had no relationship with Plaintiff or involvement in the fraud). Then, the misidentified defendant dropped the ball, losing the served Summons and Complaint during an office move. While the Court sympathizes with Plaintiff as a fraud victim, it is unwilling to compound that wrong by allowing a significant judgment to stand against a defendant that it appears had nothing to do with Plaintiff's

3

loss. Further, courts have "a strong preference that, as a general matter, defaults should be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010); *Jones v. Nat'l Ass'n U.S. Bank Tr. Co.*, No. 5:23-CV-00203-KDB-DCK, 2024 WL 2870001, at *1–2 (W.D.N.C. June 6, 2024).

With respect to the procedural details, State Street offers multiple grounds for relief from the Default Judgment. First, it argues the judgment is void under Rule 60(b)(4) because the Court lacks personal jurisdiction over Defendant who is domiciled outside North Carolina and did no business with Plaintiff in North Carolina (or elsewhere). Second, it says relief should be given under Rule 60(b)(1) because the default resulted from excusable neglect—not willful disregard, and SSGA FD acted promptly and in good faith once it learned of the Default Judgment. And third, it contends that Rule 60(b)(6) requires that the Default Judgment be set aside because SSGA FD is an uninvolved party with complete defenses to Plaintiff's claims.

Rule 55(c) allows the Court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). While "good cause" is not defined in Rule 55(c), the Fourth Circuit has held that to obtain relief from a default judgment "a moving party must show that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside." *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987). Due to the Court's "strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits," doubts about whether relief should be granted will be resolved in favor of setting aside the default. *Colleton,* 616 F.3d at 417.

Defendant has satisfied all three factors for "good cause" under Fourth Circuit precedent. First, Defendant's Motion is clearly timely as it was filed 18 days after the entry of the default judgment and 16 days after the Defendant became aware of the default judgment. *Cf. Park Corp.*,

812 F.2d at 896 (finding "no question" that a motion for relief from default judgment was timely where it was made within five months of the date the default judgment was entered and within fifteen days of party learning of the judgment).

Second, Defendant has demonstrated it has a meritorious defense. Plaintiff's claims are grounded on the premise that Defendant converted Plaintiff's funds or was unjustly enriched by a cyber fraud scheme. However, Defendant's Vice-President's sworn affidavit states that SSGA FD does not offer cryptocurrency trading services, has never communicated with Shah, and has no connection to the "Hibt" application through which Shah claims to have made deposits. Doc. No. 12-1 ¶¶ 7, 14. If those representations are true – and Plaintiff has not challenged them on the merits – then it appears that Plaintiff interacted with a fraudster who only misused the SSGA name to implement the scheme. Thus, while of course the Court does not express an opinion as to the ultimate merits of Plaintiff's claims, Defendant has provided "evidence which would permit a finding for the defaulting party." *Central Operating Co. v. Utility Workers of America*, 491 F.2d 245, 252 n.8 (4th Cir. 1974).

Third and lastly, Defendant has shown that the Plaintiff will not be "unfairly prejudiced by having the judgment set aside." *Park Corp.*, 812 F.2d at 896. When determining if the non-defaulting party is prejudiced, courts examine whether the delay caused by the default: "(1) made it impossible for the non-defaulting party to present some of its evidence; (2) made it more difficult for the non-defaulting party to proceed with trial; (3) hampered the non-defaulting party's ability to complete discovery; and (4) was used by the defaulting party to collude or commit a fraud." *Clark v. NewRez LLC*, No. 521CV00113KDBDCK, 2022 WL 313886, at *2 (W.D.N.C. Feb. 1, 2022). The first two factors receive the most weight, and delay and inconvenience alone are inadequate to cause prejudice. *Id.* None of these factors are present in this case, as Defendant has

brought this Motion less than one month after the granting of the Motion for Default Judgment. *See Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir. 1987) (holding that a non-moving party is not prejudiced when the moving party only delayed the proceedings a few months). There is nothing to suggest this minor delay has affected Plaintiff's ability to present evidence or proceed with trial in any way.

Having met its initial burden under Rule 55(c), Defendant must still "satisfy one or more of the six grounds for relief set forth in Rule 60(b) in order to obtain relief from the judgment." *Park Corp.*, 812 F.2d at 896; *see also Danielson v. Hum.*, 676 F. App'x 198, 199 (4th Cir. 2017). Rule 60(b) permits relief from a judgment or order for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. Proc. 60.

Defendant asserts it is entitled to relief under Rules 60(b)(1), 60(b)(4), and 60(b)(6). Any one of them would suffice to support setting aside the Default Judgment here. Having little or no connection with North Carolina generally or Plaintiff specifically, there appears to be no basis for the Court to exercise personal jurisdiction over Defendant, which would make the judgment void. *See Koehler v. Dodwell*, 152 F.3d 304, 306–07 (4th Cir. 1998) ("[A]ny judgment entered against a defendant over whom the court does not have personal jurisdiction is void."); *Kinser v. Salt Bar, LLC*, No. 7:18-CV-154-BO, 2021 WL 3412555, at *1 (E.D.N.C. Aug. 4, 2021) (An order is "void"

for purposes of Rule 60(b)(4) if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law). Further, while the Court certainly doesn't encourage inattention to legal documents received by a company's mailroom, the Court finds that Defendant misplacing documents in the course of its large office-wide move constitutes "excusable neglect" in these circumstances. Finally, even if Rules 60(b)(1) and 60(b)(4) did not apply, then the Court would find under Rule 60(b)(6) that reasons of equity require granting the motion. As stated at the outset, there is no fairness and much injustice in imposing a Default Judgment on a defendant who was not the cause of Plaintiff's harm, thereby creating an undeserved recovery for Plaintiff.[1]

Accordingly, the Court will grant Defendant's Motion for Relief from Default Judgment under Rules 55(c) and 60(b).

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion for Relief from Default Judgment (Doc. No. 11) is **GRANTED;** and

2. This case shall proceed towards a resolution of the merits of Plaintiffs' claims in the absence of a voluntary resolution of the dispute between the parties.

**SO ORDERED ADJUDGED AND DECREED.**

Signed: March 5, 2026

Kenneth D. Bell
United States District Judge

---

[1] By this ruling, the Court does not suggest that Plaintiff is not fully entitled to recover any losses sustained as a victim of cyber fraud, only that his recovery must in fairness be against the perpetrator of the scheme rather than other innocent parties.

7